**JQC: LANTZ**
No. 80-125
December 5, 1980

INQUIRY CONCERNING A JUDGE
In Re Dick C. P. Lantz

## RECOMMENDATIONS

Comes now the Florida Judicial Qualifications Commission and files this, its recommendations to the Supreme Court of Florida regarding the Honorable Dick C. P. Lantz, Circuit Judge of the Eleventh Judicial Circuit, together with its Findings of Fact and Conclusions of Law in accordance with the Florida Judicial Qualifications Rules and Article V, Section 12, Constitution of the State of Florida, 1968, as amended. Thirteen members of the Commission participated in the proceedings

and each was present during the taking of testimony throughout the day on Monday, October 27, 1980.[1]

## BACKGROUND

The Commission received reports as to alleged injudicious conduct on the part of Judge Lantz, which reports were assigned for preliminary investigation to Commission Member, Judge Harry C. Parham. The results of that initial inquiry prompted the assignment of Judicial Qualifications Special Investigator, J. Russell Bramblett, to a complete and exhaustive review of all complaints then pending against Judge Lantz. A Notice of Investigation was served upon Judge Lantz on May 20, 1980 inviting him to appear before the Commission in Tampa, Florida, on June 6, 1980. Judge Lantz appeared through counsel; Hugh L. Black, Jr., Esq. The result of that proceedings was a finding by the Commission that probable cause existed to believe that Judge Lantz was guilty of conduct unbecoming a member of the judiciary, and accordingly, formal charges were filed with the Supreme Court of Florida on July 18, 1980, and were served upon the Respondent Judge on July 23, 1980.

On August 12, 1980, the Respondent filed a complaint against the Commission and its individual members in the United States District Court for the Southern District of Florida. The complaint sought a declaratory judgment finding the Commission as presently structured to be in violation of the Fourteenth Amendment to the United State Constitution and also sought to temporarily and permanently enjoin the Commission from conducting any judgmental proceedings with respect to Dick C. P. Lantz. Upon motion of the Commission, the complaint was dismissed, amended, and then dismissed again. An appeal of the dismissal was taken to the United States Fifth Circuit Court of Appeals, and Judge Lantz sought to stay the proceedings before the Commission pending disposition of that appeal through pleadings filed with both the Commission itself and the Fifth Circuit Court of Appeals. Efforts to stay the proceedings were unsuccessful, and the final hearing before the Commission proceeded as scheduled on Monday, October 27, 1980. On the morning of the final hearing the

---

[1]Members present were as follows: Commissioner William C. Clark, Committee Chairman; Commissioner John H. Moore II, Proceedings Chairman; Commissioners Thomas H. Barkdull, Jr., James A. Clendinen; Richard T. Earle, Jr.; Paul E. Esquinaldo; Edward B. Davis; Harry C. Parham; Gene A. Whiddon; Harold G. Featherstone; Donald R. Moran, Jr.; Tommie Phillips; James F. Moseley. (Pursuant to J.Q.C. Rule 26, James F. Moseley was appointed an ad hoc member in the place of Commissioner Mark Hulsey.)

Respondent filed for the first time a pleading styled "Defenses and Answer."

Presentation of evidence in support of the Notice of Formal Charges began with the testimony of the Respondent called as an adverse witness. Following the testimony of Judge Lantz, Chief Circuit Court Judge Edward Cowart testified, out of turn by stipulation of the parties, on behalf of Judge Lantz. Judge Lantz then presented a change of plea in accordance with the terms of a negotiated proposal recommended to the Commission for acceptance by Special Counsel. The proposal, as reflected in the Conclusions of Law herein, was accepted by the Commission after further examination of Judge Lantz with respect to issues of waiver, understanding, and voluntariness. Acceptance of the proposal terminated the proceedings.

## FINDINGS OF FACT

The Florida Judicial Qualifications Commission, by a vote of at least nine of its members, found the Respondent Judge guilty of misconduct based upon evidence and testimony received by the Commission, pleas of guilty to various charges by Judge Lantz, and pleas of nolo contendere by Judge Lantz to various other charges with respect to which he waived the presentation of a prima facie case:

1. Judge Dick C.P. Lantz has from time to time while assigned to the Family Division of the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, exhibited arrogance and failed to exhibit patience, courtesy and dignity to litigants, witnesses and lawyers and others with whom he dealt as Circuit Court Judge in violations of Canons 1 and 3(A) (3) of the Code of Judicial Conduct (to which Judge Lantz plead guilty).

2. Judge Lantz did call George Onoprienko, a litigant before him and a Professor at the University of Miami Law School, and requested said Onoprienko to assist William Dellow, an Assistant Court Administrator, with Dellow's application to the University of Miami Law School, and this created an appearnace of impropriety in violation of Canons 1 and 3(A) (3) of the Code of Judicial Conduct (to which Judge Lantz plead guilty).

3. Judge Lantz did in the course of proceedings in the case of William F. Sullivan v. Linda B. Sullivan, in the Circuit Court of the Eleventh Judicial Circuit, in and for Dade County—Family Division— Case No. 74-27901, make comments reflecting adversely on the Episcopal Church, and this tended to case doubt on the impartiality of the judiciary in violation of Canon 2(A) of the Code of Judicial Conduct

(to which Judge Lantz plead guilty and which tended to bring the judiciary into disgrace and disrepute).

4. Judge Lantz in the course of proceedings in Martinez v. Martinez, in the Circuit Court of the Eleventh Judicial Circuit, in and for Dade County—Family Division—Case No. 79-11732 FC-06, make comments reflecting adversely on the government and judicial system of the sovereign nation of Spain, and this tended to cast doubt on the impartiality of the judiciary in violation of Canon 2(A) of the Code of Judicial Conduct (to which Judge Lantz plead guilty and which tended to bring the judiciary into disgrace and disrepute).

5. While conducting his campaign for the Circuit Court of the Eleventh Judicial Circuit, in and for Dade County, Florida, Judge Lantz did personally contact a member of the Florida Bar, to-wit: Irwin J. Block, and did himself solicit from Irwin J. Block campaign support. When Judge Lantz was informed that Irwin J. Block had already given support, he tried to solicit additional support which solicitation was in direct violation of Canon 7(B) (2) of the Code of Judicial Conduct (to which Judge Lantz plead nolo contendere).

6. In the case of Spicer v. Spicer in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County—Family Division—Case No. 79-4039 FC(06), Judge Lantz did direct the court reporter in proceedings had before him regarding that case on or about October 31, 1979, to deliver her untranscribed notes of those proceedings to Judge Lantz. Steven R. Dobrovsky, Esq., repeatedly sought a transcript of the proceedings which was never made available to him as a consequence of Judge Lantz having taken possession of the court reporter's untranscribed notes. This conduct was in violation of Canons 1, 2(A) and 3(b) of the Code of Judicial Conduct (to which Judge Lantz plead nolo contendere).

7. In the case of Patnik v. Patnik in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County—Family Division—Case No. 77-1042 FC(06), while Judge Lantz was presiding trial judge, he did enter an order granting attorney's fees to Gus Efthemiou, Jr., Esq., and required the Respondent, John A. Patnik, Jr., to pay the amount of $10,700.00 even though Judge Lantz knew that it was common knowledge that Gus Efthemiou, Jr., Esq., had withdrawn from the Patnik case because of his close personal relationship to Judge Lantz. Judge Lantz knew further that on or about January 25, 1980, approximately seven days prior to the entry of Judge Lantz' order granting attorney's fees to Gus Efthemiou, Jr., Esq., John Patnik and his wife, Roberta Patnik, entered into an agreement whereby both parties agreed to pay their own attorney's fees and costs; Judge Lantz knew that Gus Efthemiou, Jr., Esq. was appearing not on behalf of any litigant in the Patnik case,

but only on his own behalf and had not been requested by his former client, Roberta A. Patnik, to seek attorney's fees on her behalf. Although all the aforesaid facts were known by Judge Lantz, he entered said order granting attorney's fees under such circumstances as to create an appearance of impropriety in violation of Canons 1, 2(A), 2(B) and 3(A)(1) of the Code of Judicial Conduct (to which Judge Lantz plead nolo contendere).

8. The Commission finds further that the pleas of guilty and nolo contendere entered by Dick C.P. Lantz as described herein were entered freely, voluntarily, and knowingly and with full awareness of all rights waived through the entry of such pleas as well as an awareness of the possible consequences of such pleas, including the admonition by the Commission that the Supreme Court may order his removal from judicial office.

## CONCLUSIONS OF LAW

In accordance with the terms of the negotiated proposal accepted by the Commission, the Commission by a vote of at least nine of its members does hereby recommend the following to the Supreme Court of Florida:

1. That Judge Dick C.P. Lantz be publicly reprimanded for the violatios of the Code of Judicial Conduct as set out in detail in the Commission's Findings of Fact.

2. That Judge Dick C.P. Lantz be ordered to pay the amount of $3,000.00 to the State of Florida in partial reimbursement of the costs expended as a consequence of these proceedings.

3. That Judge Dick C.P. Lantz dismiss with prejudice all pending appellate proceedings regarding this matter.

4. That Judge Dick C.P. Lantz recuse himself from presiding in any matter involving any of those individuals who have provided Affidavits against him in these proceedings.

5. That Judge Dick C.P. Lantz be prohibited from appointing Gus Efthemiou, Jr., Esq. in any proceedings in the future before him.

6. That Judge Dick C.P. Lantz be ordered to direct Gus Efthemiou, Jr., Esq., to withdraw from further representation in any matter on which he has previously been appointed by Judge Dick C.P. Lantz,

except where such withdrawal would prejudice the interests of his clients.[2]

## RECOMMENDATIONS

The Florida Judicial Qualifications Commission respectfully recommends to the Supreme Court of Florida that Judge Dick C.P. Lantz be publicly reprimanded and be ordered to comply with the terms of the negotiated proposal as reflected in the foregoing Conclusions of Law.

[2]The terms of tne negotiated proposal presented to the Commission included agreement on the part of the Respondent to accept a period of probation up to one year, the terms and conditions of which were within the discretion of the Commission. However, the Commission chose not to impose a probationary period based upon the consensus of the Commission members that all judges are continuously under the jurisdiction of the Commission.